IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                          No. 07-50092-001

JESSE GROULX                                                           DEFENDANT

### ORDER

Now on this 3rd day of July, 2008, the above referenced matter comes on for consideration of the defendant's **Motion to Reconsider Detention Status (Doc. 13)** and the Government's Response (Doc. 14) thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. At his arraignment, the probation officer recommended that defendant be detained. Defendant waived a detention hearing at the time because he had state charges pending against him and he did not have the resources to meet his bond on the state charges.

2. On January 7, 2008, the defendant entered a plea of guilty in this Court to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and 924(a)(2). Defendant remains in custody and is scheduled to be sentenced on August 18, 2008.

3. In the motion now before the Court, defendant seeks to be released pending his sentencing, asserting that since entering his guilty plea, he has resolved his state charges and the "only

remaining 'hold' on him is the result of the instant federal charge." (Doc. 13 ¶ 4.)

4. The Government opposes defendant's motion, asserting that it had sought defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(E), on the ground that defendant was a danger to the community, as he was charged with a crime that involved the possession of a firearm. The Government further asserts that the circumstances of defendant's arrest – which involved defendant fleeing from police at speeds of 100 miles per hour -- indicate that he is a flight risk. The Government also points out that defendant's criminal history includes convictions for battery, resisting arrest, and 1st degree terroristic threatening.

5. Under 18 U.S.C. § 3143(a), defendant must be detained pending sentencing unless he can demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. The Court agrees with the Government that defendant cannot make this showing, given the circumstances of his arrest, his criminal history, and his firearm possession.

Accordingly, defendant's **Motion to Reconsider Detention Status (Doc. 13)** is hereby **DENIED**.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE